Shohl, P. J.
Plaintiff in error is engaged in the manufacture of clothing in the branch of the business known as “Tailors to the Trade.” Garments *388 are made to order on measurements of the customers taken at different parts of the country. Their manufacturing is done at Cincinnati. The character of the product is determined lárgely by the pattern or design. The plaintiff in error employed the defendant in error, Edgar A. Laws, as “designer.” His duties included the drafting of all patterns and the superintendence of certain work in the factory. The contract, which was for three years, contained this provision:
“The said Laws agrees to devote his entire time and attention to the interest of the Storrs-Schaefer Company in designing their patterns and in supervising their cutting and manufacturing departments according to their instructions and to their entire satisfaction, and to devoting his entire time and attention to the interest of their business.”
After he had worked for more than a year and a half they discharged him, and he brought an action in the superior court of Cincinnati for breach of contract.
The plaintiff contended that he had done all things on his part to be performed, and the principal defense of his employers was that he had not rendered services in accordance with their instructions, nor to their satisfaction.
The law is that where á contract of employment provides that the work shall be done to the satisfaction of the employer, he is at liberty, acting in good faith, to discharge the employe without regard to the question whether or not the cause for the discharge is such as would appeal to a reasonable man. Stewart, Trustee, v. Rutterer, 29 O. C. A., 145.
*389 On the principal issue, therefore, the question for determination was whether the services were not in good faith to the satisfaction of the plaintiff in error.
The case was tried twice. At the first trial the jury rendered a verdict in favor of the plaintiff. This was set aside by the trial judge on the ground that it was manifestly against the weight of the evidence. At the second trial the jury again rendered a verdict in favor of the plaintiff and answered a question submitted to them by the court, holding that The Storrs-Schaefer Company was not in good faith dissatisfied with the services of Edgar A. Laws at the time of his discharge. The trial court entered judgment on the verdict, and error is here prosecuted.
When the trial court set aside the first verdict in favor of the plaintiff on the ground that the judgment was against the weight of the evidence it exhausted the power granted to it under the statute to set aside a verdict on that ground. It did not err, therefore, in refusing to consider the weight of the evidence at the second trial; nor has this court power to reverse the judgment on the weight of the evidence. The Cleveland Ry. Co. v. Trendel, 101 Ohio St., 316.
Several other errors are assigned. A considerable amount of evidence was introduced by Laws to show that the customers of the company were pleased with the goods. Such facts, if properly proved, might tend to show that the company was not in good faith in its claim that it was in fact dissatisfied with his services. Most of the proof, how *390 ever, was supplied by introducing in evidence pamphlets or monthly issues of a little magazine called the “Sentinel,” published by the company. It referred to Laws as a leader in his profession, and as the pink of designers. These statements, while they are characterized by the defendant as mere puffery, were doubtless properly given to the jury for such weight as they might deem them entitled to. The pamphlets also contained what purported to be testimonial letters from customers voicing their satisfaction with the goods produced. It is urg-ed that they constitute mere hearsay. The statements in the “Sentinel” that the letters had been received were admissions of The Storrs-Schaefer Company. While they might not properly be admissible to prove the truth of the statements therein contained, they were proof that such letters were received, and they might well be considered by the jury in reaching their conclusions as to the good faith of The Storrs-Schaefer Company in contending that they were dissatisfied. While it is not in fact impossible for them to have been dissatisfied while receiving laudatory statements regarding the product based on Mr. Laws’ designs, it was not improper for the jury to know that in addition to the complaints which they received they also had communications expressing satisfaction. Hearsay statements coming to their attention might have been the basis for their dissatisfaction in good faith with Laws, and statements to the contrary might also be considered as bearing upon their attitude of mind. See B. & O. Rd. Co. v. Brydon, 65 Md., 198.
In the course of the evidence plaintiff was allowed to show the increasing volume of business *391 done by The Storrs-Schaefer Company and the profits of the business in the various years. The effect of this evidence, if improperly admitted, would be prejudicial to the defendant. If no attempt were made to show that the increase in the volume and profits of the business of plaintiff in error was in any wise due to the services of Laws, evidence that there had been a large increase in the volume and profits would have been inadmissible. (Hammond, Jr., v. Hammond Buckle Co., 72 Conn., 130.) In view of the nature of his work as designer, and the relation between the style of the clothes and their popularity and consequent sales, the court would not be warranted in holding that the volume and profits of the business had no tendency whatever to show the quality of the services rendered by Laws. The officers of the plaintiff in error testified that Laws was ruining their business, and that this was the chief reason they were not satisfied with his services. While they might be making large sums of money and still be dissatisfied in good faith, the salability of the product could be considered by the jury in determining the employers’ good faith in saying they were dissatisfied.
Considerable expert testimony was introduced tending to show that Laws was a skillful designer, and that witnesses who had seen his work at Boston, Philadelphia and New York, at clothing expositions, in years prior to his employment, regarded him as a designer of great merit. The issue in the case was as to the reality of the dissatisfaction of The Storrs-Schaefer Company. If Laws was in fact a designer of great skill, the jury were entitled to know it in determining the truthfulness of the declaration of *392 dissatisfaction. Evidence that he had previously had great ability, coupled with facts and inference's that there was no change in his condition, would be probative and relevant. (1 Jones Commentaries on Evidence, Section 139, page 690.) See also American Music Stores v. Kussel, 232 Fed. Rep., 306, 315, 317.) The remoteness of the evidence in point of time is a matter for the discretion of the trial court. (1 Jones Commentaries on Evidence, 691.) No abuse of discretion appears here.
In’ the course of the charge to'the jury the court said:
“Hence it is that at the outset you can examine what the agreement was between the plaintiff and defendant company; what the agreement meant, because by that agreement the parties fixed their own rights.”
The question of the construction of the contract was for the court. It was one upon which reasonable minds could not differ. 2 Williston on Contracts, page 1192, Section 616, and Monnett v. Monnett, Admr., 46 Ohio St., 30, 37.
In view of the answer by the jury to the interrogatory above referred to, the error of the court became immaterial. While the charge to the jury was not correct, it was not prejudicial to the defendant under the circumstances shown by the record. In answering the interrogatory submitted to it the jury - found specifically that The Storrs-Schaefer Company was not in good faith dissatisfied with the services of Laws. This was determinative of the issue regarding the existence of a cause of action. No matter what they thought the *393 parties meant by the contract, their verdict could only be for the plaintiff on the issues joined if the discharge was not in good faith.
There being no prejudicial error, the judgment will be affirmed.

Judgment affirmed.

Hamilton and Cushing, JJ., concur.